# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                       **No. CIV 00-0311 LCS**

**DEBBY L. WILLIAMS a/k/a**
**DEBBY L. THOMPSON,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    **THIS MATTER** came before the Court on Plaintiff's Motion for Summary Judgment (Doc. 5), filed June 5, 2000. The United States Magistrate Judge, having reviewed the record, relevant authorities, and being otherwise fully advised, finds that Plaintiff's Motion for Summary Judgment should be **GRANTED IN PART**.

### PROPOSED FINDINGS

    1.    Plaintiff brought this action under 28 U.S.C. § 1345, seeking judgment for recovery of defaulted student loans guaranteed by a state guarantee agency and re-insured by the United States Department of Education under Title IV.B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* Defendant answered on May 2, 2000. Defendant did not contest jurisdiction and did not raise any valid defenses. Plaintiff moves for summary judgment on all claims.

    2.    Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue

as to any material fact." See Fed.R.Civ.P. 56. When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

    3.    The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

    4.    Defendant has submitted documents that establishing that, while enrolled at the International Business College in Albuquerque, New Mexico, Defendant executed two promissory notes from Mera Bank Phoenix, Arizona. Plaintiff executed the first promissory note on August 26, 1988, in the amount of $2,625.00, at an interest rate of 8.41% per annum (Pl. Ex. 5), and the second promissory note on September 22, 1988, in the amount of $3,278.00, at an interest rate of 8.87%. (Pl. Ex. 6.) The loans were guaranteed by the Texas Guaranteed Student Loan Corporation and re-insured by the United States Department of Education. (Pl. Ex. 3 and 4.)

    5.    Defendant defaulted on the first loan on January 14, 1990, (Pl. Ex. 3), and defaulted on the second loan on July 14, 1989. (Pl. Ex. 4.) The holder filed a claim on the guaranty agency.

(Pl. Ex. 3 and 4.)  The guaranty agency paid the holder $3,830.21 for the first loan, and $2,725.78 for the second loan.  (*Id.*)  The guarantor was unable to collect on the loans and, on February 18, 1997, assigned them to Plaintiff. (*Id*.)

6.	Based on the record, the Court finds that, with respect to the first loan, there is due and owing from the Defendant the sum of $4,858.62, consisting of $2,725.78 principal, and $2,132.84 in accrued interest. (Pl. Ex. 3.)  With respect to the second loan, there is due and owing from the Defendant the sum of $7,244.82 consisting of $3,830.21 principal, and $3,414.61 in accrued interest. (Pl. Ex. 4.)  Plaintiff also seeks attorney fees and court costs.  However, these requests are not supported by the record as it is presently developed.

7.	 Plaintiff has met its initial burden under Rule 56 of showing that a total amount of $12,103.44 is due and owing from Defendant.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. at 157.  The burden then shifted to Defendant to demonstrate a genuine issue for trial on a material matter.  *See Celotex v. Catrett*, 477 U.S. at 323.  Defendant failed to meet this burden because she failed respond to the Motion. Therefore, Plaintiff's Motion for Summary Judgment should be granted in part.

8.	In the alternative, the Motion for Summary Judgment should be granted because Defendant failed to file a response.  The Local Rules of this Court provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion.  D.N.M.LR-Civ. 7.5(b).  Defendant consented to the Motion by  failing to file a response. Accordingly, Plaintiff's Motion for Summary Judgment, as supported by the record, should be granted pursuant to Local Rule 7.5(b).

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion for Summary Judgment (Doc. 5), filed June 5, 2000, be **GRANTED IN PART**. Plaintiff should be granted Judgment in the amount of $12,103.44 consisting of principal and interest. Plaintiff's request for attorney fees and costs should not be granted at this time based on the record as presently developed. Plaintiff may request attorney fees and costs in accordance with law.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**